Johnston,
 
 Judge.
 

 -This is too clear a case to admit, of doubt, pur courts wnich receive probates of wills, are courts of record j and therefore, what is done by them is conclusive. The ecclesiastical courts which receive probate in England, art not of record,, and therefore what they do may be re-considered. ’ 'This persea should have appealed from the decision of'the county' court as* the act of Assembly directs. I will not say but such a cas*' might be relievable in Equity, if any fraud were, used j but it if liot proper for this court. • 1 -
 

 tjriere de ho6.
 

 Note. — The opinion alluded to by Woods, was that of Hay,* wood, Judge, shewn to Judge Williams, and approved of by him. ■ — and is as follows
 
 i '
 
 JVl
 

 John Ward died, apa, a paper purporting to he his will, is pre* sented to the county court to be proved : and on an issue made up, there was a verdict of the jury against the paper. After* wards at another term,’one of the devisees named in that paper,, moved to have leave to present it again for probate, and bad that' Ibavs given; whereupqn, the party opposed to the probate ají*
 
 *165
 
 jp&ajS to ibis court, insisting that the order for granting such, leave was illegal, as the verdict on the issue was conclusive íes all persons whatsoever, and particularly to Noah Wan!, who Was a devisee, and therefore'a party in the former trial. It docs not appear by the record, nor is it admitted by his counsel,, that he was irs fact a party on tha(t occasion.
 

 This statement ft not made \yholly out of the record; for fhat states only an application by Noah, to exhibit the paper its July term, ií'96, and a permission by the conrt tq do «<*, 8cc. and -an Pppcaf in cono quer.ee of that permission. And the question now is, whether this appeal is sustainable ? Audit is objected that it is not — «1st, because it is not an appeal Irons any final semsnee, judgment or order of the court- — and £d, becaus t the verdict of the jury upon the former trial, and the rejection tof the paper thereupon, is conclusive as to this devisee. " With respect to the first objection, the permission to re-introduce the paper for probate, is a final adjudication of the court upon the point submitted to them — -whether by law such will could be ire-introduced ? and is therefore within the meaning of the act, puch a sentence as may be appealed from j for if he had waited Gill after the trial and verdict, and had then appealed, shat would ¡have been an appeal from the verdict, not from the sentence for re-examining the
 
 will;
 
 and there must have been a trial
 
 efe novtx
 
 without again arguing 'the propriety of the court’s judgment j else this inconvenience would result, that these must be atrial In the county court upon an issue made, up a ad tried by examination of witnesses brought to.court perhaps a:, a great cxpence ; and after an attendance of all the witnesses a': a very great ex-pence also in the Superior Court, when it was not certain that their attendance would ever'be necessary, since the question might be decided by the opinion of the corn t on argument merely,
 

 It is more proper and reasonable to decide that question be-fora any issue made up, than to go to trial at so much expence, |n order
 
 to
 
 give the party an opportunity to take bis exceptions to the opinion of the court iu the court above. — -I think the appeal proper.
 

 As to the second, objection, that the former adjudication is conclusive' to Noah Ward, who is a devisee, but was not by ftis guardian or otherwise, a party to the former trial., the. case admits of much doubt, and. will involve, consequences which peero in cctne measure irreconcilable with natural justice, which Way soever it may be depetmined. If itbe decided that such trial |s conclusive So ail pri sons, it infringer, the rule, u that no person should be condemned unheard, or without haying an opportunity
 
 to
 
 be heorcL” And by this raearis may invalid, wills be admitted to
 
 p
 
 t; for want of that opposition which parties might ef-SbrUViBy raake if they were present 5 or many rejected for want
 
 *166
 
 of the evidence which the parties might produce to support them, had they an opportunity to do so. . '
 

 On the other .side., if no person is bound by the admission to probate or rejection., who has an interest and is not a party, property held under wills and .those also who act under them as executors, legatees or devisees, will never be safe so long- as any person having interest either as next ©f kin, oras legatees under a former will, who has not been summoned, are remaining ; for they may all come, one after another at different periods pf time, and without limitation for a new trial 5 and indeed they tnay choose to come then only, when the evidence to support xhe will, or which caused it to be rejected, is no Idnger to behac! $ and what further increases the inconvenience, is, that though the heirs, the widow, the next of bin, and the legatees in (¿3$ contested property, may be known, yet the legatees in any former will who are concerned in interest, may not be, and free quently are not known so as to be summoned — -and indeed^ should they be known, they as well as the heirs or legatees in, the contested paper, and the next of kin, may be so far removed; from the court of the county where the paper is exhibited, that it be impossible to summon them j or they may be removed to, places unknown, and for that reason cannot be summoned™», shal] the probate be delayed till they can be discovered and summoned, and iq the mean time, the property be wasted for want of some one to. take care of it! Qr shall the probate be denied,, because it is impossible to summon them, and the property inevitably wasted, and creditors defrauded of their debts
 
 l
 
 Qr shall; the will be rejected and an administrator appointed to distribute to the next of kin for su,ch reasons, and the legatees, defeated of' the bounty intended for them by the testator £ Qr shalL the wilt-foe proved, notwithstanding, and established beyond, any further controversy, though these persons may afterwards appear with proofs sufficient to overturn, the probate in. one case, or to support it in the other, had they been produced in time ? Xhe laws cannot loose sight of the fundamental principle, “ that no person is bound by a decision he could not controvert ;w- nor should it abandon that useful rule, Interest
 
 teipfblica- ut, sitjiinis
 
 litirem.,s They are both of the last importance in the administration of juiice j the one is intended to secure justice to. every individual; the other to secure that peace of mind whicharises.from a consciousness of being secure in the enjoyment of bis^ possessions» Neither of them can be abandoned without injury or violence to the whole system of jurisprudence : and therefore the true rulé oí decision must be in some medium which, infringes neither.
 

 Suppose then, we look for is in a rule like this ; that a will be proven by witnesses in the presence of the widow, the next of kin, and the heirs, if they can be summoned, and of the legatees-oía former, will, if known to be summouscL shall be decisive
 
 *167
 
 but if any of them be in a situation which notoriously in capad., tales them to assert their rights, (which will comprehend the case of minors and persons beyond seas) that they shall' have a right still to question the validity of the will if they apply for that purpose in a reasonable time ; after which it shall be conclusive to them also as having relinquished their right- — and that the probate of a will, or the disallowing the probate, shall be subject to the same rule.
 

 Such a rule seems equally to avoid the imputation of an
 
 ex parte
 
 decision, and of leaving property held under wills so long in jeopardy, and obviates objections that may be raised upon either ground — But the question is, can we infer any such rule from existing authorities? For if we cannot, and that fairly too, We cannot make a rule, however convenient and proper it may appear to be now. — -I think such a rule may be deduced from them. To discover whether it may or not, it will be proper to take a view of the law of probates as it stood before the time: of our first passing any acts of Assembly upon the subject; and then to consider what alterations those acts have made in the old law, either with respect to wills of personal or real estates,. With respect to wills of personal estate, when they were admit» ted to probate in the ecclesiastical court, proceeding by the rules ©f the canon law, the validity of the will being established bj7 the sentence of the proper forum, could not be controverted,, contested or questioned in any other court. 1 L. Ray, 262. Stra. 1. 3 Term, 127. 2 A. B. 421, p. 4. Gil. F. C. 207, 208. But by the common law, the probate was liable to be brought into question, and to be repealed if justice required it, either where it was founded on the oath of the executor singly, if application was made within ten years, or where it was proven by witnesses, if all those who were interested in opposing if were not subpoenaed to be present at the examination ; and those not summoned, apply within one year afterwards to be heard against it: 2 Off. Ex. 18. The other old books say, in the presence of all those who are interested, or in their absence if summoned, where it is implied, that if some are not summoned, it will not be conclusive as to them: 2 Ba. Ab. 404. 2 Nels. Ab. 130, sec. 1. Cunningham Verb. Probate. Off. Ex. 48. God. 62. Swin, 449. Woodson’s Lect. 330. 2 Bl. Com. 508. Or if it should afterwards be discovered that the will was obtained by fraudulent means or forged: Str. 481, 703. 3 Term, 125. Or that the probate was founded upon a perjury ; or that it way revoked ; or there is a later wilt
 
 :
 
 1 P. W. 287; which repeal is effected by commission of review or citation; 2 Off. Ex. 48. 3 Term, 125. 1 P. W. 388; or if those who are interested to oppose it, are beyond seas at the time of the probate, and apply to be heard within six months after their return ; or if infants apply lor a re-examination within one year alter their minority
 
 *168
 
 ceases. Thus stood the law with respect tb wills of personal eé* lates, when our first act upon this Subject was passed in 1715, ch, 45, sec. 2 5 which directs singly, who shall take probate of wills', not giving any rules to be observed in conducting or receiving proof of wills — and consequently hiust have intehded that the courts which were to take probate under the'act, were to be regulated by the law in use before the act, and to have made the cannon law, so far as concerns wills* the standard of decision in all controverted cases, 1777, 2 sec. 62, confines the probate to one only of the courts mentioned in the former act; and 1789 alters the mode of trying a contested will, both of persons*! and real estates, by Submitting the dispute to a court and jury upon issue made up by the court, Without altering any other part of the common law» The revocabiliiy of the probate, upon pfeprr ground, and its liability to be questioned within the time limited
 
 by
 
 the canon law, by those who are interested and not made parties to the former contest, is not altered
 
 ;
 
 and therefore m the case of wills of personal estate, the probate is still subject to be repealed or re-examined at the instance of the probate, if he applies for a re-eXamination within a year after it takes place. With respect to wills sf real estates, they Were not provable in the spiritual court, but ate regulated entirely by the consmou layv ; and a probate of them in the spiritual court by the rules of the common law, is
 
 coram
 
 nonjvdice, and Void: Salk. 552. 6 Rep. 23. The devisee must always be ready upon every new contest, to substantiate the due execution of the will: 1 Burr. 429. By evidence which the common law deems competent, the facts resulting from which, is to be collected and found by a jury; 2 Vez. 426; or the will must be proven in a court of chancery, where nothing can be done without the heir is a party plaintiff; and where the heir is a party, and will not acknowledge the due execution of the will, and issue is made up by the direction of the chancellor, of
 
 devisavit vel non,
 
 and sent into a court of law to be tried and determined according to the rules of the common law: upon return of the whole proceedings in favor of the will, the chancellor pronounces it well proven, and orders it to be registered; 3 Bl. Com. 450. 1 Vez. 286. 2 Str. 764. 2 Vez. 456, 460. 1 Vez. 274. 1 Wils. 216. 1 Bro. ch. 99, 330; or when the facts respecting the execution of the ■will are admitted on both sides and the doubt concerns the Saw-only, it is sent down by the Chancellor to the Judges of the King’s Bench, who certify whether it be well proven or not, and thereupon the Chancellor proceeds to establish the will as before mentioned, or rejects the bill. But so strictly do the courts
 
 oí
 
 •chancery adhere to the rule of not condemning any one unheard, that if the heir who is deprived of the inheritance by the will is not made a party to the bill for proving the will, although it be stated iu the bill that he is not to be found nor any where to be
 
 *169
 

 qesra
 
 of, the court of equity will not decree the will to he well proi-eni 2 Atfc. 120. The heir may afterwards appear, and shall not be bound by proofs or by a verdict founded upon proofs be could net controvert.
 

 There is no instance in the case of wills of real estates, that «■.ver lile maxim was dispensed with. Ac to any alterations nuadc upon tins subject by our acts, 1724, cb, 15, sec. G, directs that -probate oí wills of real estates, taken either before or alter that act, shall be received as evidence of the devises — -.but they are not made conclusive -evidence, but only presumptive evidence of the devise; for th<i act also directs that the original ■shall be produced when there is any suggestion of fraud committed in drawing or obtaining the will, or any irregularity in the execution or attestation : and for what purpose can this be, •but to enable the court aud jury to decide whether -the county court, though admitted the will to probate, so far as it regarded lands or real estates, bad acted properly or not — and if it had. aot, that they might correct what was done amiss, by a verdict and judgment against the .probate. T'lius a probate of a will of lands, though allowed of by the acts of 1784, had this effect more than it had in the lav? as it was before — -namsly, the ¡registry of the will of lands may now be received as evidence, where the original is lost, which perhaps before it could not befor ins ■She English law, if a mere will of lands and goods were-admitted to probate in the spiritual court, that was no evidence of the devises contained ia the will, being
 
 coram nonjudice ;
 
 Salks 552 ; and it might afterwards happen upon an issue made op in chancery, that the will as to the devises, might be disproved and disallowed : 3 P. W. 166. 1 Vez. 278. The act of lft'4, cora-■biticd with that of 1789, may also perhaps, have this further effect ; that as the -court can now make up the same issue of
 
 dewi-savk vd
 
 now, that the court of chancery could before, and have it tried by a court of law in the same manner that a verdict ia áayor of the will upon such an issue made up, the judgment of the -court for admitting to probate thereupon, may be equally •¡conclusive with the declaration of the chancellor, that the will was well proven before the act, provided the trial be conducted and the issue -made up with the same solemnities as ia a court of chancery, all parties interested being parties tea the issue; and that part of 1784, relating to the introduction of the original upon trial, operates only upon the cases it could operate upon immediately after its passage, viz. cases of wills proven in common form, without summoning all parties Interested, and without the intervention of a jury, which was the usual practice before the act of 1784. — However, whether such a construction may or may not fairly be put upon the two acts last mentioned, it is not very material to the present question, for the party now applying for the examination and another
 
 *170
 
 trial, was not any party to the former issue and trial; and then whether his case is-to be regulated by the rules of a court of chancery as heretofore used, or by rules drawn from the spirit of the act of 1734, he cannot be concluded by the trial already had
 
 ;
 
 and therefore he is entitled to be heard — for a rejection of a will to the prejudice of a devisee, not a party, is not to he distinguished from the proof of a will against an heir at law not a party, as far as regards the point of being bound or not by the decison and the inviolable maxim of not deciding against a man unheard. I am of opinion that the county court acted properly when they gave leave to Noah Ward to re-introduce for probate 5 and consequently that the will ought now to be remitted to them, to be tried upon an issue to be made up under their direction,
 

 Note — In December term,
 
 1805,
 
 the Court of Conference unanimously decided in the case of Stuart’s will, from Pitt county, in the suit, Dickenson and others
 
 vs.
 
 Spier’s Executors, that' a will proved in the absence of the next ©f kin, shalfiat their instance he re-examined.